IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PHILLIP MUMFORD, SR., etc.,   )
                              )
           Plaintiff,         )
                              )
     v.                       )   No. 10 C 7975
                              )
DIRECTSAT USA, LLC,           )
                              )
           Defendant.         )

## MEMORANDUM ORDER

This Court's December 20 memorandum order ("Order") was issued sua sponte because the Notice of Removal ("Notice") filed by defendant DirectSat USA, LLC ("DirectSat") had "left a gap" in its treatment of the diversity of citizenship predicate for subject matter jurisdiction. Because it appeared likely that the gap (which involves the need to identify the principal place of business of a corporate member of part of a chain of limited liability companies) could be cured, the Order did not follow our Court of Appeals' often-stated directive that dismissal should be ordered where jurisdiction is not properly alleged. Instead this Court set an initial January 20 status hearing date on the assumption that the information required to confirm jurisdiction could be supplied before then.

That has not yet taken place, but in the interim this Court has had occasion to review DirectSat's Answer and Affirmative Defense ("AD") to the Complaint. That review has highlighted two other issues that DirectSat's counsel should be prepared to

address at (or, indeed, before) the status hearing date:

1. Answer ¶3 denies the propriety of lodging venue here. That puzzling denial should be explained.

2. Complaint ¶9 refers to a provision of the lease at issue that requires all notices to be in writing, while Complaint ¶10 requires such a written notice of any claimed breach to be sent by the lessor and Complaint ¶¶7 and 8 assert that no such notices were ever given. Although DirectSat denies those allegations, it has <u>not</u> tendered copies of any written notices of default, and AD ¶3 says only this:

> DirectSat attempted to contact Plaintiff to request that Plaintiff make the necessary repairs.

There may of course be other matters appropriate for discussion at the scheduled status hearing. At a minimum, however, DirectSat's counsel must come prepared to speak to the matters referred to in this memorandum order.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 5, 2011